**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PULI RAMOS PEREZ, AKA Puli Ramos, | No. 15-70830 |
| Petitioner, | Agency No. A200-975-033 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 1, 2022[**]

Before:     FRIEDLAND, SANCHEZ, and H. THOMAS, Circuit Judges.

Puli Ramos Perez, a native and citizen of Guatemala, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture ("CAT").[1]

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the agency's determination that the isolated encounters Ramos Perez had when he was young did not rise to the level of persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1019 (9th Cir. 2006) ("Because persecution is an extreme concept, it does not include every sort of treatment our society regards as offensive.") (internal quotation marks omitted); *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) ("We have been most likely to find persecution where threats are repeated, specific and combined with confrontation or other mistreatment.") (internal quotation marks omitted).

Substantial evidence also supports the determination that Ramos Perez does not have a well-founded fear of future persecution. The few incidents his family members have faced in Guatemala similarly did not rise to the level of persecution, and Ramos Perez was able to relocate to Guatemala City and live there without harm for many years before coming to the United States. *See Hussain v. Rosen*,

---

[1] Ramos Perez did not appeal the IJ's denial of asylum and CAT protection to the BIA. Only his application for withholding of removal is before us in this petition for review.

15-70830

985 F.3d 634, 648 (9th Cir. 2021) (quoting 8 C.F.R. § 1208.13(b)(2)(ii) ("An applicant does not have a well-founded fear of persecution if the applicant could avoid persecution by relocating to another part of the applicant's country of nationality . . . if under all the circumstances it would be reasonable to expect the applicant to do so.")); *Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001) ("An applicant's claim of persecution upon return is weakened, even undercut, when similarly situated family members continue to live in the country without incident . . . .") (citations omitted), *superseded by statute on other grounds as stated in Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir. 2007).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**